IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD DALTON MARTIN,

    Petitioner,

  v.

ORNOSKI, Warden,

    Respondent.

No. C 06-5783 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

### STATEMENT

In 1995 petitioner was convicted of carjacking, kidnaping, and other crimes. He received a sentence of life in prison with the possibility of parole on the carjacking and kidnapping convictions, and forty-five years, to be served concurrently, on the other offenses (Exh. 1 (abstract of judgment)). He has exhausted these parole claims by way of state habeas petitions.

///

**DISCUSSION**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.     ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights were denied when the Board denied parole based on the circumstances of his crime and on prison disciplinary actions which were not charged as crimes; (2) his due process rights were violated by the Board's failure to "actually" consider the positive factors; and (3) the Board violated his due process rights by using a "some evidence" quantum of proof and there was not sufficient evidence to support the denial using a proper standard.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.     RESPONDENT'S CONTENTIONS**

**a.     LIBERTY INTEREST**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. The right to due process therefore is only triggered if a right to life, liberty or property is at issue.

3

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIMS

#### a. EVIDENCE SUPPORTING DENIAL

Petitioner contends that evidence of the circumstances of his crime and evidence that he had received prison disciplinary convictions was not "real evidence" to support the denial. It is difficult to tell what petitioner means, exactly, by this claim, but it appears he may be arguing that the conviction, his criminal behavior prior to conviction, and his five-year-old prison

4

1  disciplinary convictions were not evidence of his current dangerousness.

2  Petitioner seems to think that reliance on the commitment offense and prison
3  misconduct is somehow contrary to Ninth Circuit law (Pet. at 8a), but that is incorrect.  It is true
4  that the Ninth Circuit has said, in what might or might not be dictum, that repeated denial of
5  parole based on the  circumstances of the commitment offense and in the face of evidence of
6  rehabilitation might, at some point, violate due process.  *See Biggs v. Terhune*, 334 F.3d 910,
7  916-17 (9th Cir. 2003).  It has also held that parole denial must be supported by "some
8  evidence," and that the some-evidence standard is clearly-established Supreme Court law.  *See*
9  *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006).  Nothing in
10 this, however, prevents the Board from considering the circumstances of the crime and prison
11 misconduct in deciding whether a prisoner would be a danger to society if released.   In fact,
12 that is exactly what the circuit did in *Sass* and in *Irons v. Carey*, both cases in which the court
13 approved denial of parole based solely on the commitment offense or preconviction conduct.
14 *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007); *Sass*, 461 F.3d at 129.  It thus is clear that
15 such evidence is not categorically irrelevant, even if after passage of a sufficient number of
16 years it might cease to be "some evidence."

17 Due process does not limit what evidence can be considered by the Board, so long as it
18 is sufficient to constitute "some evidence" to support the result.  It was not a violation of due
19 process for the Board to consider petitioner's commitment offense, pre-offense conduct, and
20 prison misconduct.

21        **b.    FAILURE TO CONSIDER POSITIVE FACTORS**

22 Petitioner contends that the Board violated due process when it did not "actually"
23 consider positive factors, that is, his efforts at rehabilitation.  Presumably by "actually" he
24 means that the Board only pretended to weigh the facts favoring parole.  Whether or not that is
25 the case, there is no due process right to have positive factors considered at all, and certainly no
26 clearly-established United States Supreme Court authority requiring it.  This claim is without
27 merit.
28 ///

5

### c. "SOME EVIDENCE"

Petitioner contends that the Board violated his due process rights by using a "some evidence" quantum of proof and that there was not sufficient evidence to support the denial using a proper (preponderance) standard.

Petitioner appears to believe that the Board used the "some evidence" standard at the initial decision-making level, when its proper place is as a review standard. There is no evidence of this, so the claim fails.

Petitioner also contends that there was not sufficient evidence to support the denial applying a preponderance standard, which he contends was the correct standard. His confusion here, which is perfectly understandable, is between the standard that the Board uses in the first instance and the standard that this court uses in determining whether a due process violation has occurred (it is also the standard that state law requires for appellate review of sufficiency of the evidence claims). *See Sass,* 461 F.3d at 1128-29 (federal); *In re Rosenkrantz*, 29 Cal. 4th 616, 652 (2002) (state-law standard). Only federal claims are cognizable in federal habeas actions, which means that a federal district court does not review whether there was or was not a preponderance of the evidence to deny parole, but only whether there was a due process violation – and because due process is violated as to evidence only if the decision is not supported by "some evidence," that is the standard applied here to sufficiency of the evidence claims. Put another way, there is no federal due process requirement that the Board apply a preponderance or greater standard. Thus, to the extent petitioner's claim is that there was not a preponderance of the evidence to support the denial, even if true it cannot be the basis for federal habeas relief.

Whether there was "some evidence" to support the denial also will be considered.

Petitioner's offense was committed in 1995 (Exh. 2 at 2). The hearing challenged here was held in 2006 (Exh. 3 at 1), so petitioner had served eleven years of his sentence of life with the possibility of parole. Petitioner hijacked a truck at gunpoint (*id.* at 7). After abandoning the truck he attempted a second carjacking, demanding the keys at gunpoint (*ibid.*). When he was interrupted by a neighbor he held the gun to the neighbor's throat, but the neighbor fought him

escaped (*ibid.*). Petitioner fled. He then tried to force his way into two other houses, in the case of one discharging his shotgun, causing a minor injury to a child (*id.* at 8-9). He then carjacked a taxi from the driver and his wife; it was subsequently found abandoned (*id.* at 9). Two days later he was arrested driving a stolen car which he had taken in a burglary (Exh. 2 (probation report) at 2). He had taken two handguns in the burglary as well (*id.* at 3). Petitioner also had received four serious rule violation convictions in prison, the most recent six years before the hearing (Exh. 3 at 26).

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

The evidence recited above, of a crime spree replete with danger to others, and of petitioner's failure to obey the rules in prison, is sufficient to support the conclusion that he would be a danger to society if released now. Because there was "some evidence" to support the decision, petitioner's due process rights were not violated as to this claim.

## CONCLUSION

The rejection of these claims by the state courts was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority. The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April   21  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\MARTIN783.RUL.wpd

7