IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DALTON MARTIN, | No. C 06-5783 WHA (PR) |
| Petitioner, | **ORDER DENYING MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| v. | |
| ORNOSKI, Warden, | |
| Respondent. | |

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The petition was denied in an order entered on April 22, 2008. Judgment was entered that day. On May 21, 2008, petitioner filed a notice of appeal and a request for a certificate of appealability ("COA"). He also has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

The petition was denied because the circumstances of the crime were egregious and petitioner had a relatively recent prison rule violation, factors which constituted "some evidence" to support the Board's conclusion that he would be a danger to society if released, and his other issues were not substantial. Reasonable jurists therefore would not find the denial debatable or wrong. The motion for a certificate of appealability (document number 10 on the docket) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, see R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see R.App.P. 22(b)(2). Petitioner's motion for leave to proceed IFP on appeal (document 11) is **DENIED** without prejudice to renewing it if the court of appeals grants a COA.

**IT IS SO ORDERED.**

Dated: May ___27___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\MARTIN783.COA.wpd

2